■ JESSE SPELLMAN, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [666 NYS2d 600] —Judgment, Supreme Court, Bronx County (Bertram Katz, J.), entered March 5, 1996, in plaintiff's favor in the amount of $3,526,640.56, which brings up for review an order, same court and Justice, entered on or about June 15, 1995, that, *inter alia*, denied defendants' cross-motion to set aside the trial court's prior order striking their answer, unanimously reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and the cross-motion granted on condition that defendants pay $30,000 to plaintiff's attorney within 60 days of service of a copy of this order with notice of entry and, on compliance therewith, the matter remanded for a new trial.

We find that it was an improvident exercise of discretion to impose the ultimate sanction, the striking of defendants' answer, in this negligence action of seemingly questionable liability in which plaintiff, while on the subway tracks of the elevated 170th Street station on the No. 4 line, was struck by a train, resulting in the severing of both of his legs above the

knee. A test performed on plaintiff upon his arrival at the hospital revealed a blood alcohol level of .245%, approximately two and one-half times the legal limit for operating a motor vehicle. According to the hospital records, plaintiff gave a number of inconsistent accounts as to the happening of the accident. Ultimately, at trial, plaintiff's counsel, in his opening, proceeded on the theory that plaintiff was a mugging victim who had been thrown or pushed onto the tracks. The striking of the answer of defendants, New York City Transit Authority and Metropolitan Transportation Authority, was based on their failure to comply, until after the trial had commenced, with discovery orders relating to photographs of the scene and videotapes simulating the train run. The court found that plaintiff's counsel, in opening to the jury, had alleged a criminal attack on plaintiff on the basis of circumstantial evidence weaker than would have been the case had the photographs been made available since, arguably, they might have provided corroborating evidence of the criminal assault theory. The court found defendants' non-compliance to be a matter of an ongoing and repeated disregard of their discovery obligations, that defendants' conduct had been willful and that the progress of the trial had been unduly hampered. We find no support in the record for the conclusion that defendants' conduct with regard to their discovery obligations was willful and contumacious. Moreover, the striking of defendants' answer, in terms of effect, amounted to a $3,526,640.56 sanction.

In reversing the order striking the answer and money judgment that inevitably followed, we impose, as a condition, a $30,000 payment to plaintiff's counsel, who, we were advised on argument, expended considerable sums in the preparation and trial of this matter. Concur—Murphy, P. J., Sullivan, Tom, Mazzarelli and Colabella, JJ.